## STATE OF CONNECTICUT v. THOMAS J. CAPOZZIELLO (8091)

SPALLONE, O'CONNELL and FOTI, Js.

Argued January 30—decision released April 24, 1990

*Gary A. Mastronardi,* for the appellant (defendant).

*Timothy J. Sugrue,* deputy assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *John Blawie,* deputy assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals his conviction, after a jury trial, of the crimes of attempted interference with an officer in violation of General Statutes §§ 53a-49 and 53a-167a and interference with an officer in violation of General Statutes § 53a-167a.[1] He

---

[1] General Statutes § 53a-167a provides: "(a) A person is guilty of interfering with an officer when he obstructs, resists, hinders or endangers any

claims that the trial court erred in refusing to instruct the jury on the defense of entrapment and in improperly instructing the jury on the legality of warrantless arrests on private property. We find no error.

The defendant owns and operates a demolition business on Singer Street in Bridgeport. The premises contain a mobile office trailer and a large yard which is completely enclosed by a ten to fifteen foot high, barbed wire topped fence. The rubbish strewn yard was a suspected site of illegal disposal of demolition material and, on February 1, 1989, Sergeant Lawrence Middleton of the Bridgeport police department accompanied other police officers and an assistant city attorney to the defendant's premises to investigate. When the city attorney attempted to serve the defendant with a complaint for illegal dumping, the defendant tried to flee in his vehicle and narrowly missed running over two officials. He shouted profanities at Middleton before accepting one summons for the illegal dumping and one for disorderly conduct.

The following day, Middleton was dispatched to investigate another potential violation of the city's dumping laws. He followed a debris laden truck to the defendant's premises and parked his marked patrol car across the street. A person came out of the defendant's trailer, left the yard and approached Middleton to ask about his presence. Middleton informed this person that he was observing the truck and that he would issue a summons if the debris was unloaded in the yard. The person returned to the trailer and, shortly thereafter, the defendant left the trailer and walked to the patrol car.

The defendant told Middleton that if his truck driver was given a summons, the defendant would "do some-

peace officer or fireman in the performance of his duties.

"(b) Interfering with an officer is a class A misdemeanor."

thing'' to Middleton. Middleton asked what that something was and the defendant began to walk away, but stopped halfway across the street to shout at Middleton. Middleton testified that the defendant stated "I'll fuck you up; I'll kill you." The defendant denied making this threat, and his secretary testified that the statement was "I'm telling you; I'm fucking telling you." The defendant then ran back to the yard, through the open gate, with Middleton in pursuit. Middleton apprehended the defendant just inside the gate, and announced that he was under arrest for threatening a police officer. A struggle ensued during which the defendant threatened to beat up or kill Middleton.

The defendant was charged with threatening and attempting to interfere with an officer based on the incidents on the public street, and charged with interfering with an officer based on the struggle on the defendant's premises. The charge of threatening was dismissed at trial and the defendant was convicted of attempting to interfere and interfering. This appeal followed.

The defendant first claims that the trial court erred in refusing to instruct the jury on the defense of entrapment. He argues that the evidence at trial established that, on February 2, 1989, Middleton harbored a clear animosity toward the defendant, that the charge of threatening was a pretext for arrest, and that Middleton acted knowingly and deliberately to provoke the defendant's resistance. This claim is wholly without merit.

A defense of entrapment, pursuant to General Statutes § 53a-15, may be made by a defendant who was induced by a public servant to engage in criminal conduct that the defendant had not contemplated and would not have otherwise undertaken. *State* v. *Hawkins*, 173 Conn. 431, 435, 378 A.2d 534 (1977), cert.

denied, 481 U.S. 1020, 107 S. Ct. 1903, 95 L. Ed. 2d 509 (1987); *State* v. *Grant,* 8 Conn. App. 158, 164, 511 A.2d 369 (1986). To warrant an instruction on entrapment, the defendant must produce evidence of both inducement and his own lack of criminal disposition. *State* v. *McNally,* 173 Conn. 197, 202–203, 377 A.2d 286 (1977).

There was no evidence presented here that the defendant was initially unwilling to commit a crime or that Middleton's actions actually implanted a criminal design in the defendant's mind. See id., 202. The defendant was not induced to leave his office or to cross the street to threaten and shout abuse at a police officer parked on a public street. The defendant at no time appeared reluctant to interfere with an officer engaged in police business. The defendant was not thereafter induced to resist arrest, to struggle with Middleton or to issue more threats. The court, therefore, did not err in refusing to instruct the jury on the defense of entrapment for which there was no supporting evidence. See *State* v. *Hawkins,* supra, 436; *State* v. *Grant,* supra.

The defendant next claims that, on the charge of interfering, the court erred in instructing the jury that Middleton could lawfully enter the defendant's premises without a warrant to effectuate his arrest because the state failed to establish a recognized exception to the warrant requirement. We disagree.

Our review of the record indicates that the jury was properly charged on the "hot pursuit" exception to the requirement that the police must obtain a warrant prior to arrest. When a crime is committed in the presence of a police officer, no arrest warrant is necessary. General Statutes § 54-1f (a); see *State* v. *Kaplan,* 20 Conn. App. 183, 186, 565 A.2d 11 (1989) (statute applies to felonies and misdemeanors). The police may make a warrantless entry onto private premises on the

exigency of pursuing a fleeing suspect. *State* v. *Guertin,* 190 Conn. 440, 454, 461 A.2d 963 (1985); *State* v. *Reagan,* 18 Conn. App. 32, 37, 556 A.2d 183 (1989). A suspect may not defeat an arrest, set in motion in a public place, by escaping to a private place. *United States* v. *Santana,* 427 U.S. 38, 43, 96 S. Ct. 2406, 49 L. Ed. 2d 300 (1976).

Moreover, it is of no consequence in this case whether Middleton legally could pursue the defendant onto private business property. The legality of the officer's conduct is not an element of the crime of interfering and illegality of arrest is no defense. *State* v. *Biller,* 5 Conn. App. 616, 620, 501 A.2d 1218 (1985), cert. denied, 199 Conn. 803, 506 A.2d 146, cert. denied, 478 U.S. 1005, 106 S. Ct. 3296, 92 L. Ed. 2d 711 (1986). It is the defendant's conduct *after* arrest that supports the charge. Id. A person is not justified in using physical force to resist arrest "whether such arrest is legal or illegal."[2] General Statutes § 53a-23. The defendant here admitted to resisting arrest and, therefore, his conviction on the charge of interfering must stand.

There is no error.

In this opinion the other judges concurred.

---

[2] We note that a person has the right to use reasonable force, not rising to the level of an assault, to resist an unlawful warrantless entry into the privacy of a home. *State* v. *Gallagher,* 191 Conn. 433, 442, 465 A.2d 323 (1983). This exception does not apply here to the defendant's physical struggle with Middleton on business premises.