STATE OF CONNECTICUT *v.* JOHN SANTIAGO
(8555)

DALY, CRETELLA and LANDAU, Js.

Argued June 13—decision released August 21, 1990

*Denise Bevza,* special public defender, for the appellant (defendant).

*Jack W. Fischer,* deputy assistant state's attorney, with whom, on the brief, were *C. Robert Satti,* state's attorney, and *Peter McShane,* deputy assistant state's attorney, for the appellee (state).

CRETELLA, J. The defendant appeals from his conviction after a jury trial on two counts of failure to assist a peace officer in violation of General Statutes § 53a-167b (a). He claims (1) that he was deprived of a fair trial when the trial court allowed the state to amend its information on the morning of trial by adding two new counts, (2) that General Statutes § 53a-167b is unconstitutionally vague and overbroad, and (3) that the trial court should have instructed the jury that they should acquit the defendant of failure to assist a peace officer if it found that the officers' request was unlawful. We affirm the judgment of conviction.

The jury could have found the following facts. The defendant, a former New London police officer, resided at 3 Thompson Court in a basement apartment that had only one door. New London police officers, Kenneth Edwards and Graham Mugovero, received information from police headquarters that John Irizzary, for whom the officers had arrest warrants, was at the defendant's apartment. As they drove toward the apartment,

Edwards saw Irizzary standing in front of the defendant's door. Irizzary ran into the apartment when he spotted the officers.

Edwards immediately radioed for assistance. Other uniformed officers soon arrived and were stationed to cover all sides of the apartment. Edwards and Mugovero knocked on the apartment door and spoke with the defendant. The officers commanded the defendant to open the door, stating that they had arrest warrants for Irizzary and that they had seen Irizzary enter the apartment. The defendant responded that he needed time to calm Irizzary because Irizzary was frightened. Meanwhile, Irizzary was searching the apartment for an escape route. The officers knocked on the door and spoke to the defendant four separate times.

Irizzary attempted to exit a basement window, but an officer stepped on the top of the window in order to close it upon him and trap him. The window broke and other officers left their posts to respond to the sound of crashing glass. Irizzary dropped back into the apartment, then ran out the apartment door and escaped.

I

The defendant first claims that he was deprived of due process because the trial court denied his motion to strike the two new counts of failure to assist a peace officer that were contained in an amended information that the state filed on the morning of the first day of trial, but prior to any voir dire. In the original information dated October 4, 1988, the state charged the defendant with one count of hindering prosecution in violation of General Statutes § 53a-167 and one count of interference with a peace officer in violation of General Statutes § 53a-167a. The defendant filed a motion for bill of particulars on November 14, 1988. Practice

Book § 833 provides that "[w]hen any bill of particulars is ordered, an amended or substitute information shall be filed incorporating its provisions." The state filed an amended information on September 7, 1989, and the defendant received a copy of the amended information immediately prior to the commencement of the voir dire of prospective jurors that day. The amended information contained the two new charges of failure to assist a peace officer in violation of General Statutes § 53a-167b and an additional charge of interference with a peace officer. The trial court denied the defendant's motion to strike these new charges. Although the defendant now claims that he did not have sufficient notice to research the law concerning the new charges and prepare a defense, he did not request a continuance. He was acquitted of all charges except the new charges of failure to assist a peace officer.

Additional charges may be added to an information before the commencement of trial under Practice Book § 623, but once the trial is underway, Practice Book § 624 governs, and the information may be amended only for good cause and the state may charge an additional or different offense only if the defendant consents. See *State* v. *Mazzetta*, 21 Conn. App. 431, 574 A.2d 806 (1990). A criminal trial begins with the voir dire of prospective jurors for purposes of Practice Book §§ 623 and 624. *State* v. *Cole*, 8 Conn. App. 545, 551–52, 513 A.2d 752 (1986). The defendant argues that the trial began on September 7, 1989, and that, therefore, the state could not amend the information on that very day under the authority of § 623. He conceded at oral argument, however, that this position is contrary to our holding in *State* v. *Huff*, 10 Conn. App. 330, 523 A.2d 906, cert. denied, 203 Conn. 809, 525 A.2d 523 (1987). In *Huff*, the state filed a substitute information containing an additional count immediately before trial,

as was done in this case. Applying § 623, we affirmed the trial court's denial of the defendant's motion to strike that additional count. Id.

Here, as in *Huff*, the defendant claims that he was prejudiced because he was denied adequate time to investigate whether he had defenses to the additional charges. At trial, the sole theory of defense to each of the charges was that, rather than interfering, the defendant was attempting to assist the police officers by attempting to persuade Irizzary to give himself up. This defense was relevant to the charges of failure to assist as well as to the charges of interference. The jury had to disbelieve the defendant's version of the facts in order to convict him of the crimes of failure to assist. The defendant has not even suggested that he would have presented a different theory of the case had he received earlier notice of the additional charges. We conclude that his due process right to adequate notice of the charges against him was not violated. Id., 346.

## II

The defendant also claims that his conviction cannot stand because General Statutes § 53a-167b is unconstitutionally vague and overbroad, but he failed to raise this claim in a pretrial motion to dismiss. See Practice Book § 815 (8). Furthermore, the defendant's sole defense at trial was that he did not refuse to open the door, but was actually assisting the officers by attempting to persuade Irizzary to surrender.

Such a claim is usually not reviewed. It will be reviewed, however, if it falls within the parameters of *State* v. *Evans*, 165 Conn. 61, 327 A.2d 576 (1973), as refined by *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).

In *State* v. *Shriver*, 207 Conn. 456, 459, 542 A.2d 686 (1988), the Supreme Court reviewed a vagueness chal-

lenge, although the claim was not distinctly raised in the trial court pursuant to the principles later enunciated in *Golding*. In the present case, however, the claim is not reviewable because it does not meet the first condition of *State* v. *Golding,* supra, 239. The defendant has not made an adequate record for review of his claim because he failed to seek a hearing regarding the constitutionality of the officers' efforts to enter his apartment, nor did he raise the issue during trial.

### III

The defendant's final claim is that the court misled the jury to believe that it could convict him of the two charges of failure to assist peace officers regardless of whether the officers' command that he open the door to his apartment was legal. In his request to charge, however, the defendant simply requested that the court read the fourth amendment to the jury on the theory that the command to open his apartment door violated his fourth amendment guarantees of liberty. The court correctly refused to read the fourth amendment since, on the basis of the defense and the evidence, there were no facts upon which the jury could conclude that the fourth amendment rights of the defendant were involved. The court did, however, instruct the jurors that they had to determine "whether [the] police officers were authorized to command assistance in the performance of their duties." From the evidence, the jury could have found that the police officers chased a person for whom they had felony arrest warrants into the defendant's apartment. Officers in hot pursuit may enter private premises to arrest a fleeing felon. *State* v. *Capozziello,* 21 Conn. App. 326, 329–30, 573 A.2d 344 (1990). The jury thus could reasonably have determined that the police officers were authorized to command such assistance.

The defendant did not raise the issue of whether or not there existed exigent circumstances for the officers to demand entry into the apartment, but relied instead on the defense that he was in fact trying to assist the officers. The court's charge did not mislead the jury.

The judgment is affirmed.

In this opinion the other judges concurred.