STATE OF CONNECTICUT *v.* JOHN SANTIAGO
(14111)

SHEA, CALLAHAN, GLASS, HULL and BORDEN, Js.

Argued February 15—decision released May 7, 1991

*Denise Bevza,* for the appellant (defendant).

*Jack W. Fischer,* deputy assistant state's attorney, with whom, on the brief, were *C. Robert Satti, Sr.,* state's attorney, and *Peter McShane,* deputy assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant was convicted of two counts of failure to assist a peace officer in violation of General Statutes § 53a-167b after a jury trial. He appealed from this judgment to the Appellate Court, claiming that: (1) the trial court had improperly permitted the state to amend the information by adding on the morning of trial the two counts on which he was found guilty; (2) § 53a-167b is unconstitutionally vague

and overbroad; and (3) the jury should have been instructed to acquit the defendant if the officer's request for assistance was unlawful. The Appellate Court affirmed the judgment; *State v. Santiago,* 22 Conn. App. 683, 578 A.2d 668 (1990); and the defendant petitioned for certification to appeal to this court. We granted the petition for certification limited to the following questions: (1) "May the defendant belatedly raise the constitutionality of General Statutes § 53a-167b?" and (2) "Is the statute constitutional?" *State v. Santiago,* 216 Conn. 820, 581 A.2d 1057 (1990).

At the time we granted certification, we had not decided *State v. Floyd,* 217 Conn. 73, 584 A.2d 1157 (1991), in which the issue of the constitutionality of § 53a-167b had been raised in the trial court by a motion to dismiss. That court resolved the issue by determining that the statute was invalid as applied to a "statement of the essential facts" as alleged by the state pursuant to Practice Book § 625. In our opinion in *Floyd,* we regarded the ruling of the trial court as "tantamount to a facial invalidation of the statute." Id., 75. We construed § 53a-167b to authorize an official "to command assistance in the execution of his duties only when circumstances render the command both necessary and reasonable." Id., 94. Ultimately we concluded that "the statute is not facially unconstitutional under the fourth or fourteenth amendments" and reversed the judgment of dismissal. Id., 95.

In the present appeal, the failure of the defendant to raise the constitutionality of § 53a-167b at trial leaves the record inadequate for a fair consideration of whether the statute was unconstitutionally applied to the circumstances under which he refused four requests to open the door of his apartment that were made by police officers over a period of several minutes. See *State v. Golding,* 213 Conn. 233, 240, 567 A.2d 823

(1989). The principal focus of the defendant on appeal to this court is upon his claim that § 53a-167b is facially invalid for vagueness. We resolved that claim adversely to him in *Floyd* by rejecting the identical claim in that case.

Accordingly, we conclude that certification to appeal in this case was improvidently granted and that the appeal should be dismissed.

The appeal is dismissed.