STATE OF CONNECTICUT *v.* ROSALBINA NOVOA
(10130)

DUPONT, C. J., FOTI and LAVERY, Js.

Argued March 30—decision released May 19, 1992

*Bruce A. Sturman,* public defender, for the appellant (defendant).

*Kevin T. Kane,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti, Sr.,* state's attorney, for the appellee (state).

DUPONT, C. J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of one count of conspiracy to sell cocaine and to possess cocaine with intent to sell by a person who is not drug-dependent in violation of General Statutes §§ 53a-48 and 21a-278 (b).[1] The sole issue we must resolve is whether General Statutes §§ 54-41p (b)[2] and 54-41b[3] allow the use of lawfully obtained wiretap evidence in

---

[1] General Statutes § 21a-278 (b) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marihuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance except as authorized in this chapter, and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years. The execution of the mandatory minimum sentence imposed by the provisions of this subsection shall not be suspended except the court may suspend the execution of such mandatory minimum sentence if at the time of the commission of the offense (1) such person was under the age of eighteen years or, (2) such person's mental capacity was significantly impaired but not so impaired as to constitute a defense to prosecution."

[2] General Statutes § 54-41p (b) provides: "Any person who has received, by any means authorized by this chapter, any information concerning a wire communication, or evidence derived therefrom, intercepted in accordance with the provisions of this chapter may disclose the contents of that communication or such derivative evidence insofar as it relates to the crimes set forth in section 54-41b while giving testimony under oath or affirmation in any criminal proceeding before any court or grand jury."

[3] General Statutes § 54-41b provides: "The chief state's attorney or the state's attorney for the judicial district in which the interception is to be conducted may make application to a panel of judges for an order authorizing the interception of any wire communication by investigative officers having responsibility for the investigation of offenses as to which the application is made when such interception may provide evidence of the commission of offenses involving gambling, bribery, violations of section 53-395, violations of section 21a-277 or felonious crimes of violence."

a prosecution for a violation of § 21a-278 (b). The trial court denied the defendant's motion to suppress such evidence pursuant to General Statutes § 54-41m.[4]

General Statutes § 54-41b provides that an application may be made to a panel of judges to obtain authorization for the interception of a wire communication when "such interception may provide evidence of the commission of offenses involving . . . violations of section 21a-277 . . . ."[5] The resolution of the issue before us depends, therefore, on whether a violation of General Statutes § 21a-278 (b) is an offense "involving" the violation of General Statutes § 21a-277. We

---

[4] General Statutes § 54-41m provides that the contents of any intercepted wire communication, or evidence derived therefrom, may be suppressed on the ground that the communication was unlawfully intercepted, the order authorizing it was insufficient, or the interception did not conform with the order of authorization or approval.

[5] General Statutes § 21a-277 provides in pertinent part: "(a) Any person who manufactures, distributes, sells, prescribes, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marihuana, or a narcotic substance, except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned; and for a second offense shall be imprisoned not more than thirty years and may be fined not more than one hundred thousand dollars, or be both fined and imprisoned; and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned.

"(b) Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with intent to sell or dispense, possesses with intent to sell or dispense, offers, gives or administers to another person any controlled substance, except a narcotic substance, or a hallucinogenic substance other than marihuana, except as authorized in this chapter, may, for the first offense, be fined not more than twenty-five thousand dollars or be imprisoned not more than seven years or be both fined and imprisoned; and, for each subsequent offense, may be fined not more than one hundred thousand dollars or be imprisoned not more than fifteen years, or be both fined and imprisoned. . . ."

conclude that the lawfully obtained wiretap evidence[6] in this case was properly admitted into evidence against the defendant in a prosecution under § 21a-278 (b), and, therefore, affirm the judgment of the trial court.

Cases have strictly construed our wiretap statutes because to do otherwise would countenance an intrusion into an individual's privacy and is "inherently greater than a typical particularized search of one's home or person which consists of essentially one overt intrusion. A wiretap necessarily is a continuing covert intrusion." *State* v. *Ross,* 194 Conn. 447, 458, 481 A.2d 730 (1984); *State* v. *Formica,* 3 Conn. App. 477, 481, 489 A.2d 1060, cert. denied, 196 Conn. 806, 494 A.2d 903 (1985).

Yet, "[a] statute, even one which has been held to be subject to strict construction . . . must be read with common sense, so as to accomplish a reasonable result and not to thwart its purpose. . . . It cannot be denied that one of the principal purposes of our statutory scheme is to permit wiretaps where there is probable cause to believe that an individual is illegally selling a drug such as cocaine." (Citations omitted.) *State* v. *Ralston,* 7 Conn. App. 660, 682, 510 A.2d 1346 (1986).

There is a close relationship between §§ 21a-277 and 21a-278 (b). They differ, on the facts of this case, only in the status of the offender and in the punishment for the offense. Section 21a-278 (b) applies to persons who are not drug-dependent whereas § 21a-277 applies to persons who are. The absence of drug dependency, however, is not an element of an offense committed in violation of § 21a-278 (b). *State* v. *Hart,* 221 Conn. 595, 608, 605 A.2d 1366 (1992). When the drug involved

---

[6] The defendant does not claim that any communications were unlawfully intercepted, or that the order of the panel issuing the order was insufficient or that the interception was not made in conformity with the order.

is cocaine, the two statutes contain the same elements. The punishment for a violation of § 21a-278 (b), however, depends on whether an offender can sustain a burden of proving her or his drug dependency by a fair preponderance of the evidence in order to obtain an exemption from liability as provided in § 21a-269. Id.

Because both crimes, on the facts of this case, contain the same elements that must be proved by the state beyond a reasonable doubt, it is reasonable to conclude that the crimes should be treated similarly in the context of the wiretap act. It is not reasonable to require a suppression of evidence in the prosecution of persons who are not drug-dependent, the more serious crime in terms of punishment, and to allow the very same evidence to be used in the prosecution of drug dependent persons. Such a result would not provide any greater privacy protection to individuals since lawfully seized wiretap evidence of illegal drug activity can always be used to support a conviction under § 21a-277.

The gravamen of the defendant's claim that the wiretap evidence must be suppressed centers about the interpretation of the word "involving" as used in § 54-41b. To involve means to "include" or to "contain." American Heritage Dictionary (1981). Since a violation of § 21a-278 (b) predicated on a sale of cocaine or possession of cocaine with intent to sell contains the same elements as does a violation of § 21a-277 when predicated on the sale of cocaine or possession of cocaine with intent to sell, a violation of one necessarily "includes" or "contains" a violation of the other.[7]

---

[7] It is not certain whether *State* v. *Hart,* 221 Conn. 595, 607–11, 605 A.2d 1366 (1992), disturbs the holding of *State* v. *Amaral,* 179 Conn. 239, 242–44, 425 A.2d 1293 (1979), that a violation of General Statutes § 21a-277 predicated on a sale of cocaine or possession of cocaine with intent to sell is a lesser included offense of a violation of General Statutes § 21a-278 (b). To the extent that the holding remains intact, the latter must be a crime "involving" the lesser included crime of § 21a-277.

The plain language of §§ 54-41p (b) and 54-41b, therefore, makes clear that the use of wiretap evidence is not limited to drug prosecutions under § 21a-277.

It would undermine the plain language of General Statutes §§ 54-41b and 54-41p (b), as well as their purpose, namely, to afford the police a means to investigate narcotic offenses, to hold that evidence obtained through a lawful wiretap is inadmissible in a narcotics prosecution under § 21a-278 (b). We conclude that § 21a-278 (b) is a crime involving a violation of § 21a-277 for purposes of §§ 54-41b and 54-41p (b).

The judgment is affirmed.

In this opinion the other judges concurred.