STATE OF CONNECTICUT *v.* ROSALBINA NOVOA
(14564)

PETERS, C. J., CALLAHAN, BORDEN, NORCOTT and KATZ, Js.

Argued December 8—decision released December 29, 1992

*Bruce A. Sturman,* public defender, for the appellant (defendant).

*Kevin T. Kane,* supervisory assistant state's attorney, with whom, on the brief, was *C. Robert Satti, Sr.,* state's attorney, for the appellee (state).

PER CURIAM. The only issue in this certified criminal appeal is whether the Appellate Court correctly determined that information obtained as the result of a properly authorized wiretap may be admitted into evidence in a criminal prosecution under General Statutes § 21a-278.[1] In the trial court, the defendant, Rosalbina Novoa, was charged with conspiracy to possess cocaine with the intent to sell, in violation of General Statutes §§ 53a-48 and 21a-278 (b). After the denial of her pre-

---

[1] "[General Statutes] Sec. 21a-278. PENALTY FOR ILLEGAL MANUFACTURE, DISTRIBUTION, SALE, PRESCRIPTION OR ADMINISTRATION BY NON-DRUG-DEPENDENT PERSON. (a) Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person one or more preparations, compounds, mixtures or substances containing an aggregate weight of one ounce or more of heroin, methadone or cocaine or an aggregate weight of one-half gram or more of cocaine in a free-base form or a substance containing five milligrams or more of lysergic acid diethylamide, except as authorized in this chapter, and who is not, at the time of such action, a drug-dependent person, shall be imprisoned for a minimum term of not less than five years nor more than twenty years; and, a maximum term of life imprisonment. The execution of the mandatory minimum sentence imposed by the provisions of this subsection shall not be suspended except the court may suspend the execution of such mandatory minimum sentence if at the time of the commission of the offense (1) such person was under the age of eighteen years or, (2) such person's mental capacity was significantly impaired but not so impaired as to constitute a defense to prosecution.

"(b) Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marihuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance except as authorized in this chapter, and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years. The execution of the mandatory minimum sentence imposed by the provisions of this subsection shall not be suspended except the court may suspend the execution of such mandatory minimum sentence if at the time of the commission of the offense (1) such person was under the age of eighteen years or, (2) such person's mental capacity was significantly impaired but not so impaired as to constitute a defense to prosecution."

trial motion to suppress wiretap evidence, a jury convicted her of the crime charged and the trial court sentenced her to a ten year term of imprisonment. The Appellate Court affirmed the judgment of conviction. *State* v. *Novoa,* 27 Conn. App. 596, 607 A.2d 900 (1992). Because the governing statute, General Statutes § 54-41b,[2] allows the use of wiretap evidence in prosecutions under General Statutes § 21a-277 without expressly referring to General Statutes § 21a-278, we granted the defendant's petition for certification to appeal the validity of the use of the wiretap evidence in the criminal proceeding in this case.[3]

After examining the record on appeal and after considering the briefs and the arguments of the parties, we have concluded that the appeal in this case should be dismissed on the ground that certification was improvidently granted. The issues have been fully considered in the opinion of the Appellate Court; *State* v. *Novoa,* supra, 597–601; and it would serve no useful purpose for us to repeat the discussion therein contained. See *State* v. *Santiago,* 218 Conn. 483, 590 A.2d 434 (1991); *State* v. *Soltes,* 215 Conn. 614, 577 A.2d 717 (1990).

The appeal is dismissed.

---

[2] "[General Statutes] Sec. 54-41b. APPLICATION FOR ORDER AUTHORIZING INTERCEPTION. The chief state's attorney or the state's attorney for the judicial district in which the interception is to be conducted may make application to a panel of judges for an order authorizing the interception of any wire communication by investigative officers having responsibility for the investigation of offenses as to which the application is made when such interception may provide evidence of the commission of offenses involving gambling, bribery, violations of section 53-395, violations of section 21a-277 or felonious crimes of violence."

[3] We granted permission to appeal on the following certified issue: "In the circumstances of this case, was the use of wiretap evidence permitted by the provisions of General Statutes §§ 54-41p (b) and 54-41b?" *State* v. *Novoa,* 223 Conn. 905, 905–906, 610 A.2d 179 (1992).