STATE OF CONNECTICUT *v.* BERNARD K. SAWYER
(9728)

DALY, O'CONNELL, FOTI, LANDAU, FREEDMAN and CRETELLA, Js.

Submitted October 6—decision released October 12, 1993

*Lauren Weisfeld,* assistant public defender, for the appellant (defendant).

*Harry Weller,* assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's attorney, and *Corinne Klatt,* assistant state's attorney, for the appellee (state).

FOTI, J. This appeal is a remand from our Supreme Court. *State* v. *Sawyer,* 227 Conn. 566, 630 A.2d 1064 (1993). The relevant facts are fully reported in *State* v. *Sawyer,* 29 Conn. App. 68, 614 A.2d 471 (1992),

reversed, 227 Conn. 566, 630 A.2d 1064 (1993). The sole issue to be determined is the defendant's unpreserved claim that General Statutes § 53a-55 (a) (3)[1] is unconstitutionally vague as applied.

The defendant was convicted of manslaughter in the first degree under General Statutes § 53a-55 (a) (3). The defendant claims that the elements that distinguish the degrees of manslaughter were not defined meaningfully by the legislature, and that the trial court did not adequately distinguish between manslaughter in the first and second degrees[2] in the jury instructions. He claims that no actual distinction exists between simple reckless conduct, as proscribed by General Statutes § 53a-56 (a) (1), and reckless conduct aggravated by "extreme indifference to human life," as proscribed by § 53a-55 (a) (3).

The defendant acknowledges that this claim was not preserved at the trial court. The defendant seeks review under *Evans-Golding*,[3] claiming that he was deprived of a fundamental constitutional right, and as plain error under Practice Book § 4185.[4] The defendant's failure

[1] General Statutes § 53a-55 (a) provides in pertinent part: "A person is guilty of manslaughter in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person."

[2] General Statutes § 53a-56 (a) provides in pertinent part: "A person is guilty of manslaughter in the second degree when: (1) He recklessly causes the death of another person . . . ."

[3] *State* v. *Evans*, 165 Conn. 61, 327 A.2d 576 (1973); *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).

[4] Practice Book § 4185 provides: "The court on appeal shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court.

"In jury trials, where there is a motion, argument, or offer of proof or evidence in the absence of the jury, whether during trial or before, pertaining to an issue that later arises in the presence of the jury, and counsel has fully complied with the requirements for preserving any objection or exception to the judge's adverse ruling thereon in the absence of the jury,

to raise the constitutionality of § 53a-55 (a) (3) at trial, or to object to the instruction given, leaves the record inadequate for a fair consideration of whether the statute was unconstitutionally vague as applied to him. *State* v. *Santiago,* 218 Conn. 483, 485, 590 A.2d 434 (1991). Without an adequate record, review is precluded. *State* v. *Golding,* 213 Conn. 233, 240, 567 A.2d 823 (1989).

As part of this claim, the defendant alleges that the jury was not instructed properly on the distinction between the two degrees of manslaughter. In the absence of a properly preserved claim, "reversal is warranted only if the charge failed to provide the jury with the essential elements of the offense on which the conviction rests or the case must invoke plain error requiring such result in the interests of justice." *State* v. *Woods,* 23 Conn. App. 615, 623, 583 A.2d 639 (1990). The defendant acknowledges that the essential elements of each lesser included offense were given properly. "[W]here the defendant fails to object to an instruction, 'the appellate claim that the same issue clearly deprived the defendant of a fundamental constitutional right and a fair trial; *State* v. *Cosby,* [6 Conn. App. 164, 172, 504 A.2d 1071 (1986)]; is seriously undercut. See also *State* v. *Kurvin,* [186 Conn. 555, 567, 442 A.2d 1327 (1982)].' *State* v. *Huff,* 10 Conn. App. 330, 338, 523 A.2d 906, cert. denied, 203 Conn. 809, 525 A.2d 523 (1987)." *State* v. *Callahan,* 21 Conn. App. 654, 660–61, 575 A.2d 704, cert. denied, 216 Conn. 803, 577 A.2d 716 (1990). Review of the claim on this basis is unwarranted.

Nor is the defendant's claim reviewable as plain error under Practice Book § 4185. Plain error review " 'is

the matter shall be deemed to be distinctly raised at the trial for purposes of this rule without a further objection or exception, provided that the grounds for such objection or exception and the ruling thereon as previously articulated, remain the same."

reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings.' " *State* v. *King,* 216 Conn. 585, 591, 583 A.2d 896 (1990). The claimed error here is not so egregious or obvious as to merit such review. *State* v. *Gagnon,* 18 Conn. App. 694, 712, 561 A.2d 129, cert. denied, 213 Conn. 805, 567 A.2d 835 (1989).

The judgment is affirmed.

In this opinion the other judges concurred.