# STATE OF CONNECTICUT *v.* CHRISTINE KAPLAN
## (7550)

BORDEN, O'CONNELL and FOTI, Js.

Argued September 19—decision released October 31, 1989

*Peter Scillieri,* assistant public defender, for the appellant (defendant).

*Kevin T. Kane,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti,* state's attorney, for the appellee (state).

BORDEN, J. The defendant appeals from the judgment of conviction, after a jury trial, of illegal possession of cocaine with intent to sell by a person who is not drug-dependent, in violation of General Statutes § 21a-278 (b), and possession of drug paraphernalia, in violation of General Statutes § 21a-267 (a). The defendant claims that the trial court erred in denying her motion to suppress certain cocaine found in her purse, because the search of her purse was made without a warrant and without probable cause. She also claims that her inculpatory statement made subsequent to her arrest should have been suppressed because it was the fruit of the illegal search. The dispositive issue is whether the search of the defendant's purse was incident to a lawful warrantless arrest. We conclude that the search was valid and that, therefore, neither the cocaine nor the statement was subject to suppression.

The following evidence was adduced at the suppression hearing. The defendant was in the apartment of John Santiago while a search warrant for narcotics located therein was being executed. The defendant was instructed by Detective Gerard Gaynor of the New London police department to remain seated on a couch in the living room. The defendant asked if she could take a "Tylenol," and Gaynor approved her request. The defendant picked up her purse from the floor. Gaynor saw the defendant remove a prescription bottle from her purse. He asked her for the bottle and she handed it to him. Gaynor saw that the prescription label was not in the defendant's name, and that the type of medication printed on the label was not Tylenol. He looked

in the bottle, saw four tablets, and then asked the defendant what the pills were. The defendant stated that they were Valium. Gaynor then brought the bottle to Lieutenant William Gavitt and informed him of what had just occurred. Gavitt took possession of the bottle, looked inside it, and saw that the pills were not Tylenol. Gavitt, believing that the possession of prescription medication prescribed to someone else was probably illegal and that other contraband would be found in her purse, directed the defendant to dump the contents of her purse on the floor. Upon examination of the contents, he saw what appeared to him, based on his experience, to be a packet of cocaine. The defendant was immediately placed under formal arrest and informed of her rights pursuant to *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Thereafter, the police conducted a field test on the white powder and determined it was cocaine. During the postarrest interrogation of the defendant, she stated, "I forgot the stuff was there." The ensuing warrant-authorized search of the apartment yielded drug paraphernalia and additional cocaine connected with the defendant.[1]

The court denied the defendant's motion to suppress. The cocaine found in the defendant's purse and her inculpatory statement regarding it were introduced into evidence, together with the other incriminatory evidence found in the apartment. In addition, the trial court found that the search of the defendant's purse took place when Gavitt directed the defendant to dump its contents on the floor. On appeal, neither the defendant nor the state challenges that finding. We therefore analyze this case accordingly.

One recognized exception to the warrant requirement is that evidence obtained pursuant to a search con-

---

[1] The defendant does not contest the admissibility of the evidence seized pursuant to the warrant.

ducted incident to a lawful custodial arrest is admissible. *New York* v. *Belton,* 453 U.S. 454, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981); *State* v. *Holder,* 18 Conn. App. 184, 187, 557 A.2d 553 (1989). General Statutes § 54-1f enumerates the circumstances under which a law enforcement officer may lawfully make a warrantless arrest. Warrantless misdemeanor arrests are governed by General Statutes § 54-1f (a), which authorizes peace officers to arrest, without a warrant, "any person for any offense in their jurisdiction, when the person is taken or apprehended in the act or on the speedy information of others . . . ."

A lawful warrantless misdemeanor arrest requires, as does a lawful warrantless felony arrest, that the arrest be supported by probable cause. *State* v. *Elliott,* 153 Conn. 147, 152–53, 215 A.2d 108 (1965). " ' "In order to establish probable cause, it is not necessary to produce a quantum of evidence necessary to convict. . . . Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that a felony has been committed." (Citations omitted.)' " *State* v. *Holder,* supra, quoting *State* v. *Cobuzzi,* 161 Conn. 371, 376, 288 A.2d 439 (1971), cert. denied, 404 U.S. 1017, 92 S. Ct. 677, 30 L. Ed. 2d 664 (1972). "In testing the amount of evidence that supports probable cause, it is not the personal knowledge of the arresting officer but the collective knowledge of the law enforcement organization at the time of the arrest which must be considered." *State* v. *Holder,* supra, 188.

Moreover, probable cause for an arrest is based on the objective facts available to the officer at the time of arrest rather than the subjective state of mind of the officer. See *Scott* v. *United States,* 436 U.S. 128, 138, 98 S. Ct. 1717, 56 L. Ed. 2d 168 (1978); *State* v.

*Copeland,* 205 Conn. 201, 208 n.3, 530 A.2d 603 (1987); *State* v. *Martin,* 2 Conn. App. 605, 612, 482 A.2d 70 (1984), cert. denied, 195 Conn. 802, 488 A.2d 457, cert. denied, 472 U.S. 1009, 105 S. Ct. 2706, 86 L. Ed. 2d 721 (1985). "There must be facts and circumstances within the officer's knowledge, and of which he has trustworthy information sufficient to justify the belief of a reasonable person that an offense has been or is being committed." *State* v. *Copeland,* supra, 213.

The firsthand information obtained by the officers prior to the search of the defendant's purse included Gaynor's observation of the defendant holding a prescription bottle after she had stated that she was going to take a Tylenol, a nonprescription medication; the defendant's statement that the pills were Valium; the fact that the prescription was not in the defendant's name; the fact that the bottle's contents as stated on the label were not Tylenol; and Gavitt's inspection of the pills that led him to believe, on the basis of his experience, that the pills were not Tylenol. These observations, viewed objectively, provided probable cause to believe that the defendant was in illegal possession of a controlled substance in violation of General Statutes § 21a-279 (c).[2] Thus, based on an objective assessment by the police, in light of the facts and circumstances collectively known to them, there was probable cause to arrest the defendant for this offense prior to searching her purse.

[2] General Statutes § 21a-279 (c) provides in pertinent part: "Any person who possesses or has under his control any quantity of any controlled substance other than a narcotic substance . . . except as authorized in this chapter, may be fined not more than one thousand dollars, or be imprisoned . . . ." A controlled substance, as defined in General Statutes § 21a-240 (9), is "a drug, substance, or immediate precursor in schedules I to V, inclusive, of the Connecticut controlled substance scheduling regulations . . . ." Valium, or diazepam, is one of the drugs listed in schedule IV of the regulations as "having a potential for abuse associated with a depressant effect on the central nervous system." Regs., Conn. State Agencies § 21a-243-10 (a) (14).

Notwithstanding that there was probable cause to arrest the defendant for illegal possession of a controlled substance prior to the search, the defendant nevertheless suggests that this was not a valid search incident to arrest. She claims that because she was not arrested prior to the search, and because the police seized contraband relating to the more serious offense of possession of cocaine with intent to sell, an offense for which the police had no probable cause to arrest, the search is invalid. We find both of these arguments to be unavailing.

A formal arrest need not always chronologically precede the search in order for the search to be valid. Where there is probable cause to arrest, a search before an arrest is reasonable under the fourth amendment as long as the arrest and search and seizure are substantially contemporaneous, and are integral parts of the same incident. *Rawlings* v. *Kentucky,* 448 U.S. 98, 111, 100 S. Ct. 2556, 65 L. Ed. 2d 633 (1980); *State* v. *Federici,* 179 Conn. 46, 54–55, 425 A.2d 916 (1979). In this case, the search of the defendant's purse was close in time and place to when the police initially obtained probable cause to arrest her for a violation of General Statutes § 21a-279 (c). The two events were integral parts of the same incident. *State* v. *Holder,* supra, 188–89. It is also of no moment that the defendant was neither charged with nor convicted of illegal possession of a controlled substance in violation of General Statutes § 21a-279 (c). A defendant need not be subsequently charged with or convicted of the offense that gave the police probable cause to arrest. See *United States* v. *Robinson,* 414 U.S. 218, 235, 94 S. Ct. 467, 38 L. Ed. 2d 427 (1973) (defendant convicted of narcotics offense arising from a search incident to arrest for driving under revoked license); *State* v. *Copeland,* supra (defendant convicted of arson arising from a search incident to arrest for disorderly conduct and breach of the peace).

The defendant also suggests that the lack of probable cause to arrest for the cocaine offense prior to the search rendered the search invalid. We disagree. Just as a search incident to an arrest is not limited to evidence of a crime for which the defendant has been formally charged; *State* v. *Copeland,* supra, 211; there is no requirement that a search incident to an arrest be limited to evidence for which the police have probable cause to arrest. As long as there is objective probable cause to arrest, the fact that the search yields gold when the police were anticipating only lead is of no consequence. A valid search incident to arrest requires only that there be probable cause for the initial arrest; there is no corresponding requirement of probable cause for the subsequent search. See *United States* v. *Robinson,* supra.[3]

The defendant also claims that her statement should have been suppressed because it was the fruit of an illegal search. See *Wong Sun* v. *United States,* 371 U.S. 471, 484–87, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963). Since the search in question was lawful, there is no basis for this claim.

There is no error.

In this opinion the other judges concurred.

---

[3] Our conclusion that the search was valid as incident to the defendant's lawful arrest renders it unnecessary to consider the state's argument that the search of the defendant's purse was within the authorization granted by the search warrant because probable cause existed that the objects named in the warrant were on her person.