### EDWARD SOCHA, JR. *v.* SCOTT BORDEAU
### (SC 18040)

Rogers, C. J., and Katz, Palmer, Vertefeuille and Zarella, Js.

Argued September 2—officially released October 28, 2008

*Philip M. Block*, for the appellant (plaintiff).

*Jeffrey F. Buebendorf*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Edward Socha, Jr., appeals[1] from the judgment of the trial court in favor of the defendant,[2] Scott Bordeau, on the plaintiff's claims of trespass and for injunctive relief.[3] The plaintiff claims that the trial court improperly (1) concluded that an earlier stipulated judgment between the parties was not dispositive of the present dispute, (2) rendered a decision that effectively gave the defendant a right to trespass on property he did not own, (3) found that there was no credible evidence as to the ownership of the property at issue, (4) found that no evidence had been presented as to the location of the defendant's dock, the alleged means of trespass, (5) found that the location of a missing portion of a boundary line described in the plaintiff's deed had not been proven, (6) found that a map in evidence was the map referenced in the plaintiff's deed, and (7) relied on inconsistent testimony. We affirm the judgment of the trial court.

The following procedural history and facts, either found by the trial court or not in dispute, are relevant to the appeal. The parties own abutting properties on the shore of Gardner Lake in Salem. They share a common boundary along the west side of the plaintiff's property and the east side of the defendant's property.

---

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 and Practice Book § 65-1.

[2] The trial court initially granted the plaintiff's motion to add the state of Connecticut as a party defendant, but later granted the state's motion to dismiss. See *Socha* v. *Bordeau*, 277 Conn. 579, 583 n.5, 893 A.2d 422 (2006). Because no challenge has been raised to the dismissal, the state is not a party to this appeal. All references to the defendant in this opinion are to Scott Bordeau.

[3] In an earlier appeal taken in this action, we reversed the trial court's summary judgment in favor of the plaintiff and remanded the case for a trial. *Socha* v. *Bordeau*, 277 Conn. 579, 593-94, 893 A.2d 422 (2006). The present appeal was taken following that trial.

The plaintiff's deed describes his property as "continuing [s]outhwesterly into [Gardner] Lake and following the line of [the] old ditch which is now under water about 350 feet to the point where the old ditch met the shore of the 'Great Pond' as it was in 1805 . . . ." The deed to the defendant's property describes the property's boundary line as running "southerly along the shore to Gardner Lake to an iron pipe . . . ."

After a dispute arose between the parties as to the location of the common boundary, the matter was submitted to arbitration. Specifically, the plaintiff claimed that the boundary line deflected in a westerly direction such that his parcel included a wedge-shaped piece of lakefront property that the defendant had been using. To resolve their dispute, the parties agreed to submit to arbitration the issues of "the actual location of the boundary between [the parties'] propert[ies] at their respective [east/west] boundary in the vicinity of the swamp adjacent to Gardner Lake" and "the total extent of frontage on Gardner Lake owned by the defendant." The arbitrator determined that the defendant owned the wedge-shaped parcel of property at issue, and, further, that the defendant's property line ran along the shoreline of Gardner Lake. The parties thereafter entered into a boundary line agreement (agreement) consistent with the arbitrator's decision, and the agreement was submitted to the trial court as a stipulated judgment. As part of the agreement, the plaintiff quitclaimed to the defendant all right, title and interest to the premises westerly and southwesterly of the agreed upon boundary line, and the defendant quitclaimed to the plaintiff all right, title and interest to the premises easterly and northeasterly of the agreed upon boundary line.

Subsequently, the plaintiff brought the present action, alleging that he was the owner of certain subaqueous land adjacent to the defendant's property and that the

defendant, by building a dock on that land, was trespassing. He claimed, inter alia, that his ownership of the subaqueous land was established by the parties' agreement as incorporated into the stipulated judgment. The plaintiff sought injunctive relief, namely, a prohibition against the defendant using that subaqueous land. Although the defendant did not claim that he owned the land at issue, he nevertheless maintained that the plaintiff could not establish ownership of that land either, and that, in the absence of such proof, the defendant's use of the land could not constitute a trespass against the plaintiff.

After a trial to the court, the court rejected the plaintiff's claims and rendered judgment in favor of the defendant. The court first disagreed with the plaintiff's argument that his ownership of the subaqueous land could be established by the agreement incorporated in the stipulated judgment. It found that, although the agreement established the frontage of the defendant's property on Gardner Lake, "[n]either party obtained ownership of land under the waters of [the] [l]ake by virtue of the . . . [a]greement." The court then observed that the description of the plaintiff's property in his deed was incomplete and that the location of a missing portion of the boundary line was determinative of the question of whether the defendant's dock constituted a trespass. The plaintiff presented expert testimony in an effort to prove the location of the missing portion of the boundary line, but the court found that testimony not credible in light of its reliance on uncertain assumptions. Accordingly, it found the location of the pertinent portion of the boundary line, and, hence, the plaintiff's ownership of the disputed land, unproven. The court further found that the plaintiff, in any event, had failed to establish the precise location of the defendant's dock. Noting that the plaintiff could not recover on his trespass claim, and, consequently, on his claim

for injunctive relief, solely on the basis of the weakness of the defendant's title,[4] the court rendered judgment in favor of the defendant. The plaintiff thereafter appealed from the trial court's judgment.

After examining the record on appeal and fully considering the briefs and arguments of the parties, we conclude that the thoughtful and comprehensive opinion of the trial court properly resolved the issues in this appeal, and, therefore, that the judgment of that court should be affirmed. Further discussion by this court would serve no useful purpose. See, e.g., *Lord Family of Windsor, LLC* v. *Inland Wetlands & Watercourses Commission*, 288 Conn. 669, 673, 954 A.2d 133 (2008).

The judgment is affirmed.

---

[4] See *Socha* v. *Bordeau*, 277 Conn. 579, 587, 893 A.2d 422 (2006).