TIMOTHY GRIFFIN *v.* COMMISSIONER OF
CORRECTION
(SC 18287)

Rogers, C. J., and Norcott, Vertefeuille, Zarella and McLachlan, Js.

Argued April 21—officially released July 21, 2009

*Temmy Ann Pieszak*, public defender, for the appellant (petitioner).

*Susann E. Gill*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Gerard P. Eisenman*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Timothy Griffin, appeals[1] from the judgment of the habeas court denying,

[1] The habeas court granted the petitioner's petition for certification to appeal. See General Statutes § 52-470 (b). The petitioner thereafter appealed from the judgment of the habeas court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

in part, his petition for a writ of habeas corpus. The petitioner claims on appeal that the habeas court: (1) violated his right to due process by failing to find that the respondent, the commissioner of correction, had admitted certain allegations in the petitioner's second amended petition; and (2) failed to find that the petitioner's guilty pleas were not knowing, intelligent and voluntary. We affirm the judgment of the habeas court.

The record reveals the following facts and procedural history. On April 15, 1999, the petitioner, who was fifteen years old at the time, pleaded guilty to one count each of felony murder in violation of General Statutes § 53a-54c and conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (2) and 53a-48 (a), in connection with the December 12, 1997 shooting of a grocery store owner in Bridgeport. The petitioner did not negotiate a specific sentence, but, rather, entered "open" pleas, which left the trial court to determine the petitioner's sentence.[2] On June 18, 1999, the trial court imposed a total effective sentence of forty years.[3]

On August 31, 2006, the petitioner filed a three count amended petition for a writ of habeas corpus. The respondent filed a return to the amended petition, in which she responded to each paragraph set forth in the amended petition. On January 10, 2007, after the pleadings had been closed, the petitioner filed a request for leave to amend his petition, which indicated that "[t]he amendment sought eliminates the first count [of the first amended petition] . . . . The proposed

[2] When the court asked defense counsel, "Is there an agreement for disposition here or is this an open plea," defense counsel responded, "It's an open plea." The prosecutor then indicated that the state was "going to ask the court to impose a substantial sentence at the time of sentencing."

[3] The court imposed a sentence of forty years for the count of felony murder and twenty years, concurrent to the felony murder sentence, for the count of conspiracy to commit robbery in the first degree.

amendment contains no *new* allegations . . . ." (Emphasis added.) The habeas court granted the petitioner's request to file a second amended petition, which became the operative pleading.

In his second amended petition, the petitioner alleged, in count one, that he did not knowingly, intelligently and voluntarily enter his guilty pleas and, in count two, that his trial counsel had rendered ineffective assistance by failing to advise him of his right to sentence review pursuant to General Statutes § 51-195.[4] The respondent's return to the second amended petition failed to respond to five paragraphs in count one of the second amended petition, namely, paragraphs 10 (e) through 10 (i). In the return to the first amended petition, however, the respondent had denied the allegations in those five paragraphs, which formerly had been part of the second count of the first amended petition.

---

[4] General Statutes § 51-195 provides: "Any person sentenced on one or more counts of an information to a term of imprisonment for which the total sentence of all such counts amounts to confinement for three years or more, may, within thirty days from the date such sentence was imposed or if the offender received a suspended sentence with a maximum confinement of three years or more, within thirty days of revocation of such suspended sentence, except in any case in which a different sentence could not have been imposed or in any case in which the sentence or commitment imposed resulted from the court's acceptance of a plea agreement or in any case in which the sentence imposed was for a lesser term than was proposed in a plea agreement, file with the clerk of the court for the judicial district in which the judgment was rendered an application for review of the sentence by the review division. Upon imposition of sentence or at the time of revocation of such suspended sentence, the clerk shall give written notice to the person sentenced of his right to make such a request. Such notice shall include a statement that review of the sentence may result in decrease or increase of the term within the limits fixed by law. A form for making such application shall accompany the notice. The clerk shall forthwith transmit such application to the review division and shall notify the judge who imposed the sentence. Such judge may transmit to the review division a statement of his reasons for imposing the sentence, and shall transmit such a statement within seven days if requested to do so by the review division. The filing of an application for review shall not stay the execution of the sentence."

Following a hearing on the petitioner's second amended petition, during the petitioner's rebuttal to the respondent's closing argument, the petitioner, for the first time, argued that paragraphs 10 (e) through 10 (i) of the first count of the second amended petition should be deemed admitted by the respondent pursuant to Practice Book § 10-19.[5] The habeas court, in an oral decision, denied the petitioner's request. In a subsequent articulation of that decision, the habeas court reasoned that, despite the respondent's failure to respond in the return to paragraphs 10 (e) through 10 (i) of the first count of the second amended petition, the respondent nonetheless had denied those allegations in a timely fashion.[6]

---

[5] Practice Book § 10-19 provides: "Every material allegation in any pleading which is not denied by the adverse party shall be deemed to be admitted, unless such party avers that he or she has not any knowledge or information thereof sufficient to form a belief."

[6] The habeas court's articulation provides in relevant part: "This court treated the return filed to the initial amended petition, when coupled with counsel for the petitioner's statement in the request for leave to amend that the proposed second amended petition contained no new allegations, as essentially putting the respondent on notice that the claims in the second amended petition were, absent the original count one, the same as in the [first] amended petition. Stated somewhat differently, what had been pleaded as counts two and three in the amended petition simply became counts one and two of the second amended petition. After considering the foregoing, in particular counsel for the respondent's assertion that a scrivener's error affected the amended return, as well as the request for leave to further amend the return, the court denied counsel for the petitioner's request that paragraphs 10 (e) through 10 (i) be deemed admitted for purposes of granting habeas corpus relief. Central to the court's denial of the petitioner's request was that the respondent now unmistakably had denied the previously unanswered claims. Consequently, these claims should not be deemed to be admitted because they had been expressly denied.

"The court notes that in [*Commissioner of Social Services* v. *Smith*, 265 Conn. 723, 736–37, 830 A.2d 228 (2003)] relied upon by the petitioner, the Supreme Court cautioned that [a]lthough the failure of a party to deny the material allegations of a pleading operates so as to impliedly admit the allegations, a default does not automatically trigger judgment for, or the relief requested by, the pleader. . . . Additionally, *Smith* is readily distinguishable in that [t]he dispositive issue in [that] appeal [was] whether a defendant in an action to establish child support, who is properly served

The habeas court thereafter found that the trial court properly had canvassed the petitioner on his guilty pleas and that any misunderstanding from which the petitioner suffered with respect to the effect of his guilty pleas was unreasonable. The habeas court therefore concluded that the petitioner's plea was knowing, intelligent and voluntary and denied count one of the petitioner's second amended petition.[7] The habeas court, however, found that the petitioner had not been advised

---

with notice of the pending proceedings and summoned to appear but fails to appear as directed or to otherwise deny the material allegations of the petition, impliedly has admitted the factual assertions of the petition such that an adjudication of paternity may be made and an order of support may be entered. Id., 724. The Supreme Court conclude[d] that a defendant who fails to appear or to otherwise deny the allegations of a support petition has admitted the facts underlying the petition. Id., 724–25.

"The instant case is easily distinguishable from *Smith*: the respondent here did appear and did otherwise deny the allegations in both the amended and second amended petitions. Counsel for the respondent quite clearly, albeit belatedly, but before the court rendered its ruling and judgment, denied the claims the petitioner was requesting this court to be deemed admitted.

"Particularly noteworthy also is . . . *Pyne* v. *New Haven*, 177 Conn. 456, 464–65, 418 A.2d 899 (1979) [in which the Supreme Court stated] . . . Admissions made by counsel in the course of a trial as to facts, the issues in dispute and the like, serve a very useful purpose, and ordinarily a trial court is amply justified in proceeding with the case upon the basis afforded by them, although it may in a proper case disregard them. . . . A formal stipulation of facts under ordinary circumstances should be adopted by the court as a mutual judicial admission. . . . In a particular case, however, the court may be justified in disregarding it. . . .

"Here, the court did not resort to disregarding admissions made by the respondent. Instead, the respondent vehemently denied the claims initially left unanswered in the amended return due to a scrivener's error. In view of such a denial and the request for leave to further amend the return, this court was neither restricted by the respondent's amended return nor forced to conclude the unanswered allegations were deemed to be admitted." (Citation omitted; internal quotation marks omitted.)

[7] Specifically, the habeas court stated: "I have carefully reviewed all the evidence in this case and listened to the testimony, of course, reviewed my notes of the testimony. In this two count petition, [the] petitioner asks this court in count one to set aside his plea of guilty on the ground that it was involuntary, and, in essence, the petitioner asserted that the involuntariness of the plea grew out of his misunderstanding as to the nature of an open plea and his belief that he would be eligible for parole after twenty-five years of the sentence.

properly of his right to sentence review and granted the second count of the second amended petition reinstating the petitioner's right to sentence review.

On appeal, the petitioner claims that the habeas court violated his right to due process by failing to find that the respondent impliedly had admitted paragraphs 10 (e) through 10 (i) of the first count of the second

"That's not enough for the petitioner to simply testify as to what his subjective understanding might have been. There must also be some objective evidence that corroborates and validates the petitioner's belief.

"The evidence to support the misunderstanding of the petitioner consists of the testimony of the petitioner, his mother and his stepfather, all of whom have a strong interest in the court's finding that the petitioner was misadvised. In contradiction of these assertions is the testimony of the trial defense counsel, [Lawrence Hopkins] as well as the transcripts of the plea and sentencing.

"Upon a review of the facts in this case, as would have been known to [Hopkins], the petitioner was in a very difficult position. The evidence against him was strong. The evidence against him was overwhelming. His codefendant was going to testify against him. Had the case proceeded to trial, there is a very high, if not 100 percent likelihood, that the petitioner would have been convicted of all counts . . . [and] he could have received a sentence significantly in excess of that which the court ultimately adjudged.

"It is equally clear that the state had little interest in entering into a plea agreement. There is no constitutional right to have a plea agreement. Consequently, [Hopkins] advised the petitioner as to his best option, and that best option, unfortunately, was to plead guilty in an open plea and throw himself upon the mercy of the court.

"Now, when I review the plea canvass, I can't find anything wrong at all with the plea canvass. There is nothing in that plea canvass to suggest that there was any misunderstanding as to what was transpiring in court [that day]. Hopkins is clear in his testimony that he properly advised the petitioner as to the meaning and effect of his open plea. To the extent that there's any misunderstanding by the petitioner, it is therefore unreasonable, and it is not the product of fabrication in order to obtain habeas relief. [It] is more than likely the product of unreasonable selective recollection.

"There's been a lot of emphasis upon the youth and inexperience of the petitioner at the time he entered his plea, and, yes, he was a young man. On the other hand, he was a young man who committed murder in apparently cold blood, causing a family to lose a father, a husband and a man to lose his life. Youth does not forgive that type of conduct.

"There is nothing in the law that requires the court to do other than what it did in the plea canvass. Consequently, I will deny count one of the petition. I don't find that there's any involuntariness of the plea. The plea shall stand."

amended petition. He further claims that the habeas court improperly found that the petitioner had failed to prove that his pleas had not been entered knowingly, intelligently and voluntarily.

After examining the record on appeal and fully considering the briefs and arguments of the parties, we conclude that the habeas court's thoughtful and comprehensive decision; see footnote 7 of this opinion; and articulation of that decision; see footnote 6 of this opinion; properly resolved the issues in this appeal and, therefore, that the judgment of the habeas court should be affirmed. Further discussion by this court would serve no useful purpose. See *Socha* v. *Bordeau*, 289 Conn. 358, 362, 956 A.2d 1174 (2008).

The judgment is affirmed.