### MELVIN C. WASHINGTON *v.* JOHN BLACKMORE ET AL.
### (AC 30684)

DiPentima, Gruendel and Peters, Js.

Argued November 16, 2009—officially released February 2, 2010

*Melvin C. Washington*, pro se, the appellant (plaintiff).

*Irena J. Urbaniak*, city attorney, for the appellees (defendants).

*Opinion*

PER CURIAM. The pro se plaintiff, Melvin C. Washington, appeals from the summary judgment rendered by the trial court in favor of the defendants, New Britain police officer John Blackmore, New Britain police officer John Gonzalez, New Britain acting chief of police William Gagliardi and the city of New Britain. Although the plaintiff raises a variety of claims, the dispositive

one is whether the court, in rendering summary judgment, properly determined that Blackmore and Gonzalez possessed probable cause to arrest the plaintiff. We conclude that it did and, accordingly, affirm the judgment of the trial court.

The present litigation arises from an incident that occurred on May 16, 2005. At that time, the plaintiff was employed as a school bus driver in New Britain. That afternoon, he operated a bus that departed Slade Middle School. While en route, the plaintiff noticed two passengers that, he suspected, did not belong on the bus. A dispute between the plaintiff and the two passengers subsequently ensued. Although the plaintiff steadfastly has maintained that he was assaulted by those passengers, certain witnesses represented otherwise. A student on the bus contacted the police as the altercation transpired to report that the plaintiff had assaulted a passenger. Ultimately, the plaintiff returned the bus to Slade Middle School, where he was met by Blackmore and Gonzalez in response to the assault complaint.

As Gonzalez remained on the bus with the plaintiff, Blackmore observed redness on the left cheek of one of the passengers involved in the fracas, as well as a scratch in his mouth that was bleeding. Blackmore spoke with Jim Collins, principal of Slade Middle School, who informed him that students exiting the bus had reported that the plaintiff had punched a student. Blackmore also spoke with Nelson Pagan, a security guard at the school, who stated that one of the students alleged that the plaintiff had yelled and spit at the student and had hit and punched the student. On the basis of the foregoing, the plaintiff was placed under arrest and charged with risk of injury to a child in violation of General Statutes § 53-21, assault in the third degree in violation of General Statutes § 53a-61 and breach of the peace in the second degree in violation of General Statutes § 53a-181.

A jury trial followed, at the conclusion of which the plaintiff was found not guilty on all counts. The plaintiff thereafter commenced the present litigation. His revised complaint alleged false imprisonment, intentional infliction of emotion distress, negligent infliction of emotional distress, malicious prosecution, municipal liability and violations of his federal constitutional rights to due process, equal protection and freedom from unreasonable seizure. The plaintiff further sought certain statutory costs, fees and "double or treble damages." In response, the defendants filed an answer and three special defenses alleging qualified official immunity, governmental immunity and qualified governmental immunity.

On May 19, 2008, the plaintiff filed a motion for summary judgment as to liability only, which the defendants opposed. On July 7, 2008, the defendants filed what they termed a "cross motion for summary judgment." By memorandum of decision filed November 10, 2008, the court concluded that "as a matter of law, the police officers had probable cause to arrest the plaintiff. This conclusion requires the court to deny the plaintiff's motion for summary judgment and [to] grant the defendants' motion for summary judgment." The plaintiff subsequently filed a motion for reargument, which the court denied, and this appeal followed.

We first note the well established standard of review. "Practice Book § [17-49] requires that judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under

applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. See Practice Book §§ [17-44 and 17-45]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . A motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Citations omitted; internal quotation marks omitted.) *Lunn* v. *Cummings & Lockwood*, 56 Conn. App. 363, 370, 743 A.2d 653 (2000). Our review of the trial court's decision to grant a motion for summary judgment is plenary. *Boone* v. *William W. Backus Hospital*, 272 Conn. 551, 559, 864 A.2d 1 (2005).

The validity of a warrantless arrest hinges on the existence of probable cause. *Brinegar* v. *United States*, 338 U.S. 160, 175–76, 69 S. Ct. 1302, 93 L. Ed. 1879 (1949); *State* v. *Lamme*, 216 Conn. 172, 178, 579 A.2d 484 (1990). "Probable cause, broadly defined, comprises such facts 'as would reasonably persuade an impartial and reasonable mind not merely to suspect or conjecture, but to believe' that criminal activity has occurred." *State* v. *Barton*, 219 Conn. 529, 548, 594 A.2d 917 (1991), quoting *Stone* v. *Stevens*, 12 Conn. 218, 230, 30 A. 611 (1837). It is a flexible common sense standard that does not require the police officer's belief to be correct or more likely true than false. *Three S. Development Co.* v. *Santore*, 193 Conn. 174, 175, 474 A.2d 795 (1984). Probable cause for an arrest is based on the objective facts available to the officer at the time of arrest, not on the officer's subjective state of mind. *State* v. *Kaplan*, 20 Conn. App. 183, 186–87, 565 A.2d 11 (1989); see also *Scott* v. *United States*, 436 U.S. 128, 138, 98 S. Ct. 1717, 56 L. Ed. 2d 168 (1978). As our

Supreme Court has noted, "[w]hile probable cause requires more than mere suspicion . . . the line between mere suspicion and probable cause necessarily must be drawn by an act of judgment formed in light of the particular situation and with account taken of all the circumstances. . . . The existence of probable cause does not turn on whether the defendant could have been convicted on the same available evidence." (Citations omitted; internal quotation marks omitted.) *State* v. *Trine*, 236 Conn. 216, 237, 673 A.2d 1098 (1996). Indeed, proof of probable cause requires less than proof by a preponderance of the evidence. *State* v. *Clark*, 255 Conn. 268, 293, 764 A.2d 1251 (2001).

Viewing the evidence in the light most favorable to the plaintiff, we conclude that the court properly determined that probable cause supported his May 16, 2005 arrest. On that date, Blackmore and Gonzalez were presented with objective facts that reasonably could have persuaded them that criminal activity had transpired. They arrived at Slade Middle School in response to an emergency call from a student on the bus stating that the plaintiff had assaulted a passenger.[1] On one of

---

[1] There are conflicting allegations as to whether the plaintiff admitted to punching a passenger on May 16, 2005. The police report prepared by Blackmore, which was attached to the defendants' motion for summary judgment as an exhibit, states in relevant part: "[The plaintiff] was arrested after he was found to be in a verbal argument with a thirteen year old student [from] Slade Middle School that escalated into a physical incident. [The plaintiff] admitted to punching the thirteen year old male in the face causing a minor injury to the inner mouth area. . . . On [May 16, 2005], I was dispatched to [the school] on an assault complaint. Dispatch advised me that a student called in stating that the bus driver for bus number [fifty-seven] just hit a student.

"Upon arrival, I spoke to [the plaintiff]. He stated that he was in the area of 1045 West Main Street [when] he noticed a student jumping from seat to seat and putting his feet on the windows. [The plaintiff] pulled the school bus over . . . so he could talk to the student about his behavior. [He] walked back to the student to talk to him and that is when he noticed [two passengers who did] not belong on his bus. [The plaintiff returned] to his seat and grabbed the list of all of the students that are supposed to be on his bus. [He] checked the list and [those two passengers] were not on it.

the passengers, Blackmore observed redness on the left cheek and a bleeding scratch in his mouth. In addition, the principal of Slade Middle School informed Blackmore that students exiting the bus had reported that the plaintiff punched a student. Likewise, a security guard at the school told Blackmore that a student had alleged that the plaintiff had yelled and spit at the student and hit and punched the student while on the bus. On that basis, Blackmore and Gonzalez believed that the plaintiff had perpetrated a crime and, thus, placed him under arrest.

As this court has observed, "the evidence . . . collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement. . . . [T]he issue of the existence of probable cause does not turn on whether

---

"[The plaintiff] walked back and told [the two passengers] that [they] were not supposed to be on the bus. [One of the passengers then] started to make fun of [the plaintiff] stating that [the plaintiff] spat on [him] and that [the plaintiff] had bad breath. [The plaintiff] stated that he tried to point out to [that passenger] that he was not on the list and at that time [the passenger] slapped the list away from [him]. [The plaintiff] stated that [that passenger] then proceeded to punch him in the left side of the face. [The plaintiff] stated that he fell back banging his left leg, shin area on a seat, causing a small scratch. [He] stated that [the other passenger] got out of his seat and jumped him. [The plaintiff] stated that he attempted to defend himself from [the two passengers] so he started to 'throw' a punch which ended up hitting [the passenger] in the face. [The plaintiff] stated that he pushed away from the two and walked up to the front of the bus. . . ." Blackmore's affidavit, which also accompanied the defendants' motion for summary judgment, similarly averred that "when [Blackmore] arrived at Slade Middle School, [he] spoke with the plaintiff and gathered his version of the incident. The plaintiff admitted to having punched [the passenger] on [his] face. . . ."

At the same time, the plaintiff alleged in his affidavit in support of his motion for summary judgment that his May 16, 2005 statement "was taken out of context and separated from the ongoing assault upon me by the two individuals." Given that discrepancy and mindful of its duty to view the evidence in a light most favorable to the plaintiff, the court wisely declined to "consider the plaintiff's claimed admission" in its probable cause calculus. We similarly disregard that alleged admission from our analysis of the issue before us.

the defendant could have been convicted on the same available evidence. Probable cause deals with probabilities, not hard certainties." (Internal quotation marks omitted.) *State* v. *Leary*, 51 Conn. App. 497, 501, 725 A.2d 328 (1999); see also *Brinegar* v. *United States*, supra, 338 U.S. 175. We agree with the assessment of the trial court that the totality of the facts and circumstances presented to Blackmore and Gonzalez on May 16, 2005, constituted probable cause for the plaintiff's arrest.

In light of that determination, summary judgment was appropriate on the plaintiff's various causes of action. The court amply addressed each cause of action in its memorandum of decision, concluding that the defendants were entitled to qualified immunity from the plaintiff's constitutional challenges and, further, that the existence of probable cause precluded recovery on his remaining claims. It would serve no useful purpose for us to repeat the discussion contained therein. See *Socha* v. *Bordeau*, 289 Conn. 358, 362, 956 A.2d 1174 (2008). The trial court properly rendered summary judgment in favor of the defendants in the present case.

The judgment is affirmed.