11-936-cv
Washington v. Blackmore

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of April, two thousand twelve.

PRESENT:
>             JON O. NEWMAN,
>             ROBERT A. KATZMANN,
>             SUSAN L. CARNEY,
>                     *Circuit Judges.*

———————————————————————————

Melvin C. Washington,

>             *Plaintiff-Appellant*,

>             v.                                                   11-936-cv

John Blackmore, John Gonzalez, William Gagliardi,
City of New Britain,

>             *Defendants-Appellees*.

———————————————————————————

FOR PLAINTIFF-APPELLANT:            Melvin C. Washington, *pro se*, New Britain, CT.

FOR DEFENDANTS -APPELLEES:          Irena J. Urbaniak, Office of the Corporation
                                    Counsel, City of New Britain, CT.

Appeal from orders of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Plaintiff-Appellant Melvin Washington, proceeding *pro se*, appeals the January 3, 2011 Order of the United States District Court for the District of Connecticut (Underhill, *J.*) denying his motion to reopen this case pursuant to Fed. R. Civ. P. 60(b), as well as the district court's February 14, 2011 Order denying Washington's motion to reconsider its January 3, 2011 Order. Washington also moves in this Court for leave to file exhibits to his reply brief. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review both the denial of a Rule 60(b) motion to reopen and the denial of a motion for reconsideration for abuse of discretion. *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998).

Under the doctrine of res judicata, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). State court judgments are to be given the same preclusive effect in federal court as they would be given in the courts of that state. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). Here, the district court did not abuse its discretion in concluding that Washington's claims were barred by res judicata. There is no dispute that the claims at issue in this action

2

arise from the same transaction as those that were fully and fairly litigated in Connecticut State Court. *See Washington v. Blackmore*, 986 A.2d 356, 361 (Conn. App. Ct. 2010) (affirming dismissal on summary judgment of similar action brought by Washington on the ground that the defendant police officers had probable cause to arrest him). Moreover, Washington's argument that res judicata does not apply to bar review of at least one of his claims because the claim was "overlooked" by the state courts is without merit, as a claim is barred by res judicata so long as it *could have been* litigated in a prior action. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).

We have considered Washington's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court. In addition, Washington's motion for leave to file exhibits to his reply brief is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3