15-2877-cv
Coderre v. City of Wallingford

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand sixteen.

PRESENT:   REENA RAGGI,
            DENNY CHIN,
            CHRISTOPHER F. DRONEY,
                *Circuit Judges.*

------------------------------------------------------------------------
GERALD CODERRE,
                *Plaintiff-Appellant*,

                v.                                              No. 15-2877-cv

CITY OF WALLINGFORD, GABRIEL GARCIA, OFCR
#161 I/O, DICOCCO, SGT. #134 I/O,
                *Defendants-Appellees.*
------------------------------------------------------------------------
APPEARING FOR APPELLANT:      JOSEPH B. BURNS, Rome McGuigan, P.C., Hartford, Connecticut.

APPEARING FOR APPELLEES:      THOMAS GERARDE (Beatrice S. Jordan, *on the brief*), Howd & Ludorf, LLC, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of

Connecticut (Jeffrey A. Meyer, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 17, 2015, is AFFIRMED.

Plaintiff Gerald Coderre appeals from an award of summary judgment in favor of defendants City of Wallingford and Police Officers Gabriel Garcia and Mark DiCocco on Coderre's federal and state law claims related to his arrest for larceny in connection with the theft of a vacuum cleaner from a Kohl's store in Wallingford, Connecticut, on February 19, 2007. We review an award of summary judgment de novo and will affirm only if the record, viewed in favor of the non-moving party, shows no genuine issues of material fact and the moving party's entitlement to judgment as a matter of law. See Jackson v. Fed. Express, 766 F.3d 189, 193–94 (2d Cir. 2014). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

In urging vacatur, Coderre argues that defendants arrested him without the requisite probable cause because the affidavit supporting his arrest warrant was infected by material misstatements and omissions. To pursue such a claim, Coderre had to show that the alleged misstatements and omissions were "designed to mislead" or "made in reckless disregard of whether [they] would mislead." United States v. Rajaratnam, 719 F.3d 139, 154 (2d Cir. 2013) (internal quotation marks omitted). Upon de novo review, we reach the same conclusion as the district court: "There is no plausible inference that any of these alleged misrepresentations or omissions were made deliberately or recklessly." Coderre v. City of Wallingford, No. 3:08-cv-00959 (JAM), 2015 WL

4774391, at *5 (D. Conn. Aug. 13, 2015).

In any event, Coderre's claims fail under the "corrected affidavit" doctrine because a hypothetical warrant affidavit, deleting the purported misstatements and including the challenged omissions, would not affect the probable cause determination. See Walczyk v. Rio, 496 F.3d 139, 157–58 (2d Cir. 2007).

A corrected affidavit would have advised the judicial officer that (1) the information Officer Garcia received from the Plainville Police pertained to one other vacuum cleaner larceny occurring at a Kohl's store two days before the reported Wallingford larceny and to which Coderre's green GMC pickup truck had been linked. While this report did not confirm Coderre's parole officer's statement that Coderre was under investigation for multiple Kohl's larcenies, neither did it undermine it, addressing only the one incident. But even as to the one larceny, the corrected information provided a close temporal link between Coderre's involvement in a Plainview theft and the similar theft in Wallingford. A corrected affidavit would also state that (2) Coderre's goatee, as depicted in a DMV photograph, was light-to-reddish brown and not closely cut, whereas the surveillance video of the Wallingford thief showed him with a brown/black close-cropped goatee; (3) Kohl's cashier Sandra Ivan, a witness to the Wallingford crime, could not provide a description of the robbery and was not shown a photospread; and (4) Garcia ran Coderre's criminal history sometime after February 19, 2007, and reviewed it on March 12, 2007.

3

Even when these facts are viewed most favorably to Coderre, they cannot undermine the probable cause clearly established by the following information: (1) Coderre—through his car—was already linked to the theft of a vacuum cleaner in Plainville two days before the theft of a vacuum cleaner in Wallingford; (2) there is a striking similarity between Coderre's DMV photograph and the thief depicted on the Wallingford surveillance video—indeed, despite the modest color and length differences, any reasonable person would conclude, as the district court did and as our own review confirms, that "[t]hey look like the same person," Coderre v. City of Wallingford, 2015 WL 4774391, at *5. While these two facts might alone admit a finding of probable cause to arrest Coderre, see Illinois v. Gates, 462 U.S. 213, 231 (1983); Walczyk v. Rio, 496 F.3d at 156–57, that conclusion is only reinforced by the corrected affidavit's report that (3) Coderre had been arrested and convicted for various larcenies, see Stansbury v. Wertman, 721 F.3d 84, 94 (2d Cir. 2013) (concluding that officer had probable cause to effect arrest where, inter alia, arrestee had "previous arrest for a similar crime"); and (4) Coderre had failed to report to his parole officer in the two weeks prior to March 12, 2007, and Garcia had not been able to reach him at his parole contact number, see generally United States v. Al-Sadawi, 432 F.3d 419, 425 (2d Cir. 2005) (recognizing that flight immediately after crime can be evidence of consciousness of guilt of that crime).

On this record, Coderre's argument that the corrected affidavit would not demonstrate probable cause fails as a matter of law.[1] Accordingly, we affirm the district

---

[1] Although the district court resolved this issue on the basis of qualified immunity—and

4

court's entry of judgment in favor of defendants on both the federal and state law claims of false arrest.

We also affirm the judgment for defendants on Coderre's claims for negligent and intentional infliction of emotional distress. See Washington v. Blackmore, 986 A.2d 356, 361, 119 Conn. App. 218, 224 (2010) (holding that claims for intentional and negligent infliction of emotion distress fail as matter of law where challenged arrest is supported by probable cause).

We have considered Coderre's remaining arguments and conclude that they are without merit. We, therefore, AFFIRM the judgment of the district court.

<div style="padding-left:40%">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

</div>

---

the corresponding standard of arguable probable cause—we need not reach the arguable probable cause question here. Because a corrected affidavit would still provide probable cause to arrest Coderre, the record does not show a violation of Coderre's Fourth Amendment right. See Pearson v. Callahan, 555 U.S. 223, 236 (2009) (holding that courts have discretion to decide in which order to address prongs of qualified immunity analysis), overruling in part Saucier v. Katz, 533 U.S. 194 (2001).